IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bennie Riser, #218912 ) | |
| ) | Civil Action No.8:08-32-HFF-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Leroy Cartledge, Warden ) | |
| of McCormick Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. Entry # 10).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on December 28, 2007.[1] On April 7, 2008, the respondent moved for summary judgment. By order filed April 8, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 6, 2008, the petitioner filed a response.

---

[1] There is no prison mailroom stamp on the envelope which contained the habeas petition. While the petitioner is incarcerated in the McCormick Correctional Institution which is in an area with the zip code of 29899, the petition was mailed from the zip code 29835. Thus, it appears that the petition was not mailed from prison and therefore the petitioner should not be given the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court). In any event, the undersigned notes that the delivery date is not determinative of any issue in this case.

**PROCEDURAL FACTS**

The petitioner a state prisoner is currently confined at the McCormick Correctional Institution. In June 2002, the McCormick County Grand Jury indicted the petitioner on twelve separate charges: two counts of carjacking; three counts of armed robbery; three counts of kidnapping; three counts of 1st degree criminal sexual conduct ("CSC"); and unlawful possession of a pistol. (App. 4.) The petitioner was represented by attorney Jimmy Hatcher. (*Id.*) On March 27 , 2003, the petitioner pled guilty to all charges before the Honorable J. Derham Cole. Judge Cole sentenced the petitioner to consecutive sentences of thirty years on each of the CSC charges, resulting in a sentence of ninety years. (App. 20; 33; 36-7.) Judge Cole sentenced the petitioner to the following concurrent sentences on the remaining charges: twenty years for each carjacking charge; thirty years for each armed robbery and kidnapping charge; and one year for the unlawful possession of a pistol charge. The petitioner timely filed a notice of appeal. (App. 36-7.)

Appellate Defender Wanda H. Haile of the South Carolina Office of Appellate Defense represented the petitioner on his direct appeal. On December 1, 2003, Haile filed with the South Carolina Court of Appeals a petition to be relieved as counsel and a "no merit" *Anders*[2] brief raising the following issue: "The lower court erred in accepting appellant's guilty plea without advising him of the sentencing consequences thereof." (App. 42; 46-7.) On January 21, 2004, the petitioner filed a pro se brief with the South Carolina Court of Appeals raising the following issues:

1. Ineffective Assistance of Counsel

2. The Fruit of the Poisonous Tree Doctrine

3. Custodial Interrogation

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

    4. Newly Discovered Evidence

(Return Attach. 2.)   On May 5, 2004, the South Carolina Court of Appeals dismissed the petitioner's appeal and granted counsel's motion to be relieved in *State v. Riser*, Unpub. Op. No. 2004-UP-297 (S.C. Ct. App. 2004).  (App. 49.)  The remittitur was sent down on June 8, 2004.  (Return Attach. 3.)

    The petitioner then filed a pro se application for post-conviction relief ("PCR") application on July 28, 2004, raising the following issues:

    1. Ineffective Assistance of Counsel

    2. Due Process of Law

    3. Newly Discovered Evidence

(App. 51-56.)  On March 24, 2006, an evidentiary hearing was held before the Honorable J. Mark Hayes. (App. 61-106.)  The petitioner was present and represented by attorney Michael D. Brown.  (App. 61.)  On May 3, 2006, Judge Hayes dismissed the petitioner's PCR application.  (App. 108-113.)  The petitioner filed a timely notice of appeal with the South Carolina Supreme Court.   Assistant Appellate Defender Wanda H. Carter of the South Carolina Office of Appellate Defense represented the petitioner. (Return Attach. 5.)

    On December 12, 2006, Carter filed with the South Carolina Supreme Court a petition to be relieved as counsel and a "no merit" *Johnson*[3] petition for writ of certiorari raising the following issue:  "Trial counsel erred in failing to investigate into an alibi defense in the case."  (Return Attach. 5 at 2.)  On January 26, 2007, the petitioner filed a pro se brief with the South Carolina  Supreme Court raising the following two issues:  "Did P.C.R Court err when they found trial counsel effective when he failed to properly investigate into an alibi

---

[3]*Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

defense in this case? Did P.C.R. Court err when they found trial counsel effective when he failed to request for a probable cause hearing?" (Return Attach. 7 at 2.)

On November 15, 2007, the South Carolina Supreme Court dismissed the appeal and granted counsel's motion to be relieved. The remittitur was sent down on December 4, 2007. (Return Attach. 8.)

The petitioner then filed this federal habeas petition raising the following grounds for relief:

> **Ground One**: Ineffective Assistance of Counsel
> **Supporting Facts**: Counsel failed to investigate into an alibi defense, after petitioner had advised him so.
>
> **Ground Two:** Newly Discovered Evidence
> **Supporting Facts:** Counsel stated to me that semen was found on a black wind jacket in the front of the car. Trial Pg. 29 Lines 23-24. But at P.C.R. hearing, Counsel stated semen was taken off the victim's body matching my DNA. P.C.R. Pg. 19 Lines 19-21.
>
> **Ground Three:** Custodial Interrogation
> **Supporting Facts**: I was under the influence of drugs during the time of my arrest. Detectives used a false D.N.A. incentive to try and get me to confess, and they interrogated me for about 7 hours, no food, no water, and handcuffed the entire time.
>
> **Ground Four:** Probable cause to search vehicle without my consent
> **Supporting Facts:** Trial pg. 28, Lines 21-24 They did a traffic stop, because he had already told them he didn't have a driver's license. And at that time they ran his name and date of birth, and they found out he was driving under suspension.

(Pet. 6-11.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

4

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**STANDARD OF REVIEW IN § 2254 PETITIONS**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

**Exhaustion and Procedural Bar**

    A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

    1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning

> of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing

of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## **DISCUSSION**

**Ground One**

In Ground One, the petitioner contends that his trial counsel was ineffective for failing to investigate an alibi defense. The petitioner raised this issue in his PCR application. The PCR judge denied the petitioner relief on this ground and concluded that the evidence against the petitioner was overwhelming. (App. 111.) The petitioner raised this issue on appeal and the South Carolina Supreme Court dismissed the petitioner's PCR appeal. The respondent contends that this issue has no merit. The undersigned agrees.

A defendant who pleads guilty upon the advice of counsel can only attack the voluntary or intelligent character of his plea by showing ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52 (1985). The defendant first must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668 (1985). In the context of a guilty plea, the defendant must also establish prejudice by proving that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill,* 474 U.S. at 59. The defendant must show

11

that "there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

As noted above, the petitioner pled guilty to numerous charges which stemmed from two separate incidents. In the first one, he carjacked two young women with a gun, forced them to engage in sexual activity, and robbed them of their jewelry and cash. In the second incident, the petitioner carjacked another woman with a gun, forced her to engage in sexual activity, and robbed her of a watch and cash. (App. 23-26.)

Four days after the second incident in an area near where the second victim had been abducted, the police stopped to investigate a suspicious parked car. The car was parked away from houses or lights with its windows rolled down and the keys in the ignition. (App. 27-8.) The petitioner ran towards the car and told the officers that it was his sister's car and it had broken down, and that she had gone to get help. (App. 28.) The petitioner told them that his sister was the driver as he did not have a driver's license. (*Id.*) The police verified that the car was registered to the petitioner's sister and left. (*Id.*) Minutes later, two prostitutes flagged the police officers down and stated that immediately before the officers had arrived, they had seen the petitioner behaving suspiciously hiding behind a house. (*Id.*) The officers then saw the petitioner driving his sister's car. (*Id.*) They initiated a traffic stop because the petitioner had told them that he did not have a driver's license. (App. 28.) The petitioner was found to be driving with a suspended license, and he consented to a search of the car. (App. 28-29.) Inside the car, the officers noticed a black wind jacket on the front passenger seat and found a black ski mask and a silver revolver underneath the seat. (App. 29.) The petitioner was arrested for the unlawful possession of a gun. (*Id.*) Following his arrest, the petitioner was interrogated with false DNA results and he gave a confession in which he told police that the victim's watch was in his home and the other jewelry had been pawned. (App. 29.) The police recovered the watch after searching the petitioner's house

12

and the jewelry from the pawn shops. (*Id.*) Semen was found on the black wind jacket . (*Id.*)

At the PCR hearing, the petitioner claimed he told his trial counsel that his wife and brother could verify that he was elsewhere at the times the crimes were committed, but trial counsel did not think that was important. (App. 72.) He stated that trial counsel did not speak to these potential alibi witnesses. (App. 72-73.) These alleged witnesses were not present at the PCR hearing and did not testify. (App. 76-77.)

Trial counsel testified at the PCR hearing that he was aware from the discovery that the petitioner initially told police before he confessed that his wife or his employer could verify where he was when the crimes occurred. (App. 80.) Trial counsel stated he had plenty of time to investigate the petitioner's alibi defense and that he had spoken to the petitioner's wife. He also testified that he attempted to verify whether the petitioner had been working at the time of the crimes. However, he testified that he could not find any information, such as a time card which could confirm when the petitioner was at work. (App. 84.)

As noted above, at the PCR hearing, the petitioner did not present any alibi witnesses. The petitioner is merely speculating that the such a witness would have aided in his defense. *See Palacio v. State*, 511 S.E.2d 62, 66 (S.C.1999) (finding that where contents of challenged documents were not presented at the PCR hearing, defendant failed to present any evidence of probative value demonstrating how counsel's failure to obtain the unproduced documents in a more timely fashion prejudiced his defense); *Porter v. State,* 629 S.E.2d 353, 358 (S.C.2006) (holding "[m]ere speculation of what a witness' testimony may be is insufficient to satisfy the burden of showing prejudice in a petition for PCR."); *Dempsey v. State,* 610 S.E.2d 812, 814 (S.C.2005) (holding "[a] PCR applicant cannot show that he was prejudiced by counsel's failure to call a favorable witness to testify at trial if that

13

witness does not later testify at the PCR hearing or otherwise offer testimony within the rules of evidence."). As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. Accordingly, this claim should be dismissed.

**Ground Two**

In Ground Two, the petitioner alleges there is newly discovered evidence. He states that trial counsel told him that semen was found on a black jacket taken from the front seat of the car and on the victim's body. He argues that there was no DNA evidence found on the victims which matched his DNA. In his petition, the petitioner alleges that trial counsel was deficient for telling him that there was DNA evidence which had been taken from one of the victims. In his memorandum opposing summary judgment, the petitioner appears to have copied in his own handwriting a report on the DNA results. (Pet'r's Mem. Opp. Summ. J. at 5-7.) In addition to the petitioner's DNA matching the dried semen on the black wind jacket, it appears that the petitioner's DNA matched evidence taken from one of the victim's. (*Id.* at 7.) Apparently based on this, the petitioner contends that "the record only showed that one girl was assaulted, and [he] was charged with 3 CSC charges." (Pet'r's Mem. Opp. Summ. J. at 8.) He appears to be alleging that he pled guilty based upon an erroneous belief that there was DNA evidence linking him to all three assaults. (*Id.*) The respondent contends that this issue is procedurally barred and is without merit. The undersigned agrees that this issue is procedurally barred.

Initially, the undersigned notes that in his petition the petitioner does not raise this issue in an ineffective assistance of counsel context, but rather as a freestanding claim. (Pet. 6.) Further, in his direct appeal, the petitioner raised this issue as an ineffective assistance of counsel claim which is not cognizable on direct appeal. Additionally, the

14

petitioner did not specifically raise this as a ground for relief in his PCR application. He raised a general issue of ineffective assistance of counsel. (App. 53.) There was a brief mention of newly discovered evidence by PCR counsel at the beginning of the hearing, but there was no specific discussion of it during the hearing. No new evidence was presented at the hearing. Further, the PCR judge's order also mentioned "newly discovered evidence" in recounting the grounds raised by the petitioner (App. 109), but no issue involving newly discovered evidence was discussed or ruled upon. (App. 109-12.) The petitioner did arguably raise this issue in his PCR. However, the PCR court did not rule upon it and the petitioner did not raise this issue to the South Carolina Supreme Court in his PCR appeal. Furthermore, the petitioner has not alleged any cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice. A court need not consider cause and prejudice or actual innocence if not asserted by the petitioner. *Burket v. Angelone,* 208 F.3d 172, 183 n. 10 (4th Cir. 2000). Accordingly, this issue is procedurally barred in this habeas action, *Coleman v. Thompson*, 501 U.S. 722, and should be dismissed.

**Ground Three**

In Ground Three, the petitioner alleges that he was under the influence of drugs when he was arrested and that "detectives used a false D.N.A. incentive to try and get [him] to confess, and they interrogated [him] for about 7 hours, no food, no water, and handcuffed the entire time." The respondent contends this issue is procedurally barred. The undersigned agrees.

Again, the petitioner raises this as a freestanding claim. The petitioner did not raise any issue relating to his confession in his direct appeal. In his PCR application, the petitioner asserted "custodial interrogation" among his grounds, without any elaboration. (App. 54.)

At the PCR hearing, the petitioner claimed he did not recall giving any statement, and denied giving a free and voluntary confession. (App. 66-67.) Trial counsel testified that the petitioner gave a very detailed statement that "matched, in very remarkable ways, with the things that had been told to [the police] by the victims." (App. 79. ) Trial counsel testified that the petitioner never told him that he did not give a voluntary confession in the case. (App. 80.) When asked if counsel ever considered attempting to suppress the confession, he testified that the petitioner never told him that he was under the influence of drugs, and denied food and water during the interrogation. (App. 87-96.) Trial counsel noted that while he considered a suppression motion, he believed it was an uphill battle, and if he started challenging evidence, negotiations would be ended. (App. 100-01; 103-04.) The PCR Court found credible trial counsel's testimony that he explored the statement but did not see a basis for it to be suppressed. The petitioner did not raise this issue in his PCR appeal.

Furthermore, the petitioner did not raise any issues regarding his interrogation at his guilty plea. While he did raise a claim as to his confession in his pro se brief on direct appeal, since no objection was made below, the issue was preserved for review on the merits in the direct appeal. *Plyler v. State,* 424 S.E.2d 777 (S.C. 1992) (issue must be both raised to and ruled upon by judge to be preserved for appellate review); *Drayton v. Evatt*, 430 S.E.2d 517 (S.C. 1993) (issues that could have been raised at trial or on direct appeal can not be raised in a PCR application absent a claim of ineffective assistance of counsel). Since the petitioner did not properly present this claim to the South Carolina Supreme Court for review, and the South Carolina state courts would find it procedurally defaulted if the petitioner attempted to raise it now, then the claim is procedurally barred in federal habeas corpus. *Coleman*, 501 U.S. 722. Furthermore, the petitioner has not alleged any cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrated that failure to consider the claims will result in a fundamental miscarriage of

justice. A court need not consider cause and prejudice or actual innocence if not asserted by the petitioner. *Burket v. Angelone,* 208 F.3d 172, 183 n. 10 (4th Cir. 2000). Accordingly, this issue is procedurally barred in this habeas action, *Coleman v. Thompson,* 501 U.S. 722, and should be dismissed.

**Ground Four**

In Ground Four, the petitioner alleges as a freestanding claim that the police did not have probable cause to stop and search his vehicle. As noted above, the police stopped the petitioner when they saw him driving after he had only minutes before told them he did not have a driver's license. The solicitor stated at the plea hearing that petitioner consented to a search of the car, during which a gun and ski mask were found. The petitioner was then arrested for the unlawful possession of a gun. The petitioner raised the issue of lack of probable cause in his PCR proceeding, but not in an ineffective assistance of counsel context. (App. 54.)   In any event, the PCR Court found credible trial counsel's testimony that he looked into probable cause for the stop but saw no basis for suppression. (App. 109-11.) The petitioner raised this issue in his PCR appeal.

The respondent contends, however, that because the petitioner did not raise this issue on direct appeal and does not raise this ground in the context of an ineffective assistance of counsel claim in his habeas petition, it should be dismissed. The undersigned agrees. However, even viewing this claim in the context of ineffective assistance as the petitioner argues it in his memorandum, it fails.

Here, the petitioner offered no testimony at the PCR hearing to dispute the factual representations made by the solicitor during the guilty plea as to the traffic stop. Since the petitioner had just informed the officers that he had no driver's license, the officers had reasonable suspicion to stop him when minutes later they observed him driving. The record also shows that the petitioner consented to a search of the car during which the gun was

found under the seat. The petitioner has offered nothing to contradict these facts. Thus, petitioner has failed in his burden of proof of showing a valid defense that trial counsel overlooked or ignored. *See Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996) (if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error in failing to disclose or pursue it cannot be prejudicial). Accordingly, this issue is without merit and the PCR Court's decision was not contrary, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of facts in light of the state court record

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#10) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 16, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).